TYMINSKI *v.* TYMINSKI.

[Cite as Tyminski v. Tyminski, 8 Ohio Misc. 202.]

(No. 65049—Decided March 11, 1966.)

Common Pleas Court of Lucas County.

*Mr. Arthur Wilkowski,* for plaintiff.
*Mr. Max Britz,* for defendant.

WARREN, J. (By assignment.)   Plaintiff alleges in his petition that the parties were married June 26, 1965, and that at the time of the marriage, both were minors and that both had secured consent to the marriage, as required by the law of Ohio.

Plaintiff further alleges that the parties lived together as husband and wife for ten days, and that defendant wife, then left voluntarily and never returned; that she thereupon took up residence with another man in Toledo, Ohio.

Plaintiff further alleges that he was induced to enter said

pretended marriage ceremony because of her representation that defendant was pregnant with child, that plaintiff was responsible for her condition; and that after she discovered that she was not pregnant, defendant left the plaintiff to reside with another man.

The foregoing allegations were fully supported by the evidence at the trial.

Plaintiff's petition also alleges that defendant is guilty of gross neglect of duty and extreme cruelty toward plaintiff, and the prayer is for an annulment of the purported marriage or in the alternative for a divorce from defendant.

Section 2309.05, Revised Code, provides in part:

"Section 2309.05, Revised Code. *Joinder of causes of action.* (Section 11306, General Code.)

"The plaintiff may unite several causes of action in the same petition, whether they are legal or equitable, or both, when they are included in any of the following classes:

"(A) The same transaction;

"(B) Transactions connected with the same subject for action;"

In 43 Ohio Jurisprudence 2d, Pleading, Section 92, at page 103, it is stated that:

"A prayer of general and alternative relief, in a pleading under the code, entitles the court to grant a party any redress he may be entitled to upon the pleading and the evidence."

In 41 American Jurisprudence, Pleading, Section 111 at page 367, is found the following:

"Sec. 111. *Prayer in the Alternative.* The complainant, if not certain as to the specific relief to which he is entitled, may frame his prayer in the alternative, so that if one kind of relief is denied another may be granted; the relief of each kind being consistent with the case made by the complaint. The mere fact that multiple relief is sought does not necessarily constitute more than one cause of action, nor render the complaint obnoxious to the objection that it joins several causes of action with separately stating them."

The court finds that plaintiff may unite a cause of action for annulment and a cause of action for divorce in the same petition.

The evidence disclosed that, within a week of the marriage,

defendant experienced a normal period of menstruation and thereupon advised plaintiff that she was leaving him. Thereafter the defendant did move out of their home and did move into the home provided for her by a former suitor. Nineteen days after the marriage of the parties, plaintiff commenced the within action.

The evidence disclosed that defendant believed that she was pregnant when she requested the plaintiff to marry her. After she discovered that she was not pregnant, defendant immediately left plaintiff.

The Ohio annulment statute became effective September 24, 1963.

Section 3105.31, Revised Code, provides in part as follows:
Section 3105.31, Revised Code. *Grounds for annulment.*

"* * * (D) That the consent of either party was obtained by fraud, unless such party afterwards, with full knowledge of the facts constituting the fraud, cohabited with the other as husband and wife;

"(E) That the consent to the marriage of either party was obtained by force, unless such party afterwards cohabited with the other as husband or wife;"

Plaintiff claims that he was induced to marry the defendant by reason of her fraudulent misrepresentation that she was pregnant and that he was forced into the marriage by said misrepresentation. Whether defendant believed she was pregnant or not when she induced plaintiff to marry her is of no significance in resolving this proceeding.

In order to secure the relief sought by way of annulment of the marriage, the plaintiff must come into court with clean hands. Plaintiff and defendant, prior to the marriage, having indulged in illicit intercourse, the court cannot grant such relief to plaintiff.

In 15 A. L. R. 2d, paragraph 12, at page 726, it is stated:

"The courts are in general agreement that there may be no annulment when the parties have had sexual intercourse and then the man marries the woman upon her representation that she is pregnant, even though it later appears that the representation was false, the general feeling being that the plaintiff has created his own dilemma and has no right to expect the courts to extricate him from it."

In 4 American Jurisprudence 2d, page 467, paragraph 41, is found the following statement:

"In most cases where the man sought annulment of his marriage on the grounds that he was induced to enter into it because of the wife's false representation of pregnancy by the plaintiff, the action has been denied, primarily upon the ground that the parties, having indulged in illicit intercourse, stand in pari-delicto, so that defendant does not come into court with clean hands."

In his petition, plaintiff has alleged that defendant is guilty of gross neglect of duty, and prays for an annulment of the marriage or, in the alternative, for divorce.

The evidence adduced is undisputed that the defendant voluntarily left the home provided by the plaintiff, took up residence with another man, her former suitor, and ever since has failed to perform any marital duties of any kind for her husband.

The illicit relations of the parties prior to the date of the marriage, which precluded the plaintiff from the annulment prayed for in his petition, does not bar the plaintiff from relief by way of a divorce.

Defendant is found guilty of gross neglect of duty toward plaintiff. There is no evidence of aggressions by plaintiff. The court finds that plaintiff has been a good and dutiful husband toward the wife.

Divorce granted to plaintiff at plaintiff's costs. No final record. Exceptions. See Journal Entry.